IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC JOSEPH BOTHNE #02-71719 | § | |
| | § | |
| V. | § | A-17-CA-046-SS |
| | § | |
| CEDAR PARK P.D., ROUND ROCK P.D., | § | |
| LEANDER P.D., and WILLIAMSON | § | |
| COUNTY JAIL | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Williamson County Jail. According to Plaintiff, he was falsely arrested on July 20, 2012, by the Leander Police Department, May 28, 2013, by the Round Rock Police Department, March 14, 2016, by the Cedar Park Police Department, and May 13, 2016, by the Round Rock Police Department. Plaintiff contends all of his charges were dismissed due to illegal searches and seizures and

1

insufficient evidence. While incarcerated, Plaintiff asserts he suffered mental anguish, was subjected to minor corporal punishment, had his character and business destroyed, lost his personal and real property, lost his plumbing license, and cannot drive through Cedar Park without being harassed. Plaintiff sues each of the police departments and the Williamson County Jail.

DISCUSSION AND ANALYSIS

    A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

    B.    <u>Entities Not Capable of Being Sued</u>

The Cedar Park Police Department, the Round Rock Police Department, the Leander Police Department, and the Williamson County Jail are not a legal entities capable of being sued. <u>See Guidry v. Jefferson County Detention Center</u>, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); <u>Darby v. Pasadena Police Dep't</u>, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental

subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the defendants should be dismissed.

  C. <u>County Liability</u>

Even if this Court were to construe Plaintiff's claims as claims brought against Williamson County and the Cities of Cedar Park, Round Rock and Leander, Plaintiff's claims fail. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. <u>Johnson v. Moore</u>, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. <u>Id.</u>; <u>Collins v. City of Harker Heights, Tex.</u>, 916 F.2d 284, 286 (5th Cir. 1990), <u>aff'd</u>, 503 U.S. 115 (1992). Thus, the cities and county would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. <u>Bennett v. City of Slidell</u>, 728 F.2d 762, 768 (5th Cir. 1984), <u>cert. denied</u>, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice or custom of the cities and county that caused a deprivation of his constitutional rights.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on January 25, 2017.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE